COOKE (CATLETT v.). See Case No. 2,515.

---

## Case No. 3,173.

### COOKE v. FORD et al.

[2 Flip. 22; 16 Am. Law Reg. (N. S.) 417; 4 Am. Law T. Rep. (N. S.) 280; 3 Law & Eq. Rep. 715; 4 N. Y. Wkly. Dig. 407; 4 Cent. Law J. 560; 2 Cin. Law Bul. 108; 9 Chi. Leg. News, 291; 23 Int. Rev. Rec. 218.][1]

Circuit Court, D. Kentucky. May Term, 1877.

REMOVAL—DIVERSE CITIZENSHIP—PROCEEDINGS—CONSTRUCTION OF STATUTES—REPEAL BY IMPLICATION.

1. The act of March 3, 1875 [18 Stat. 470], does not entirely repeal section 639 of the United States Revised Statutes, which relates to the removal of causes from the state to the federal courts. Third subdivision of section 639, which relates to suits between citizens of the states in which they are brought and citizens of other states, is not inconsistent with the provisions of the act of March 3, 1875.

[Cited in La'Mothe Manuf'g Co. v. National Tube Works Co., Case No. 8,033; Sims v. Sims, Id. 12.894; Eureka Consol. Min. Co. v. Richmond Min. Co., 2 Fed. 829; Mclendy v. Currier, 22 Fed. 129.]

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 3 Law & Eq. Rep. 715, and 4 N. Y. Wkly. Dig. 407, contain only a partial report.]

2. Taking the act of March 3, 1875, and provisions of third subdivision of section 639 together, the result is: first, that no citizen of a state in which a suit is commenced can remove it, except by filing a petition either before or at the term at which it might first be tried.

[Cited in Eureka Consol. Min. Co. v. Richmond Min. Co., 2 Fed. 829.]

3. If a suit be brought between a citizen of the state in which it is brought and a citizen of another state, the latter may remove it by petition, if filed at any time before trial or final hearing, on making an affidavit of prejudice or local influence—such as will prevent a fair trial from being had.

[Cited in Sims v. Sims, Case No. 12,894; Eureka Consol. Min. Co. v. Richmond Min. Co., 2 Fed. 829; Melendy v. Currier, 22 Fed. 129.]

4. The law does not favor the repeal of statutes by implication. The two must be such as that they cannot be reconciled.

[Cited in Whitehouse v. Continental Fire Ins. Co., 2 Fed. 499.]

This cause came up on motion to remand the same to the state court. The action was commenced [by W. H. Cooke against C. C. Ford and H. T. Arnold] in the circuit court of Warren county, Kentucky, January 7, 1874, but was subsequently transferred to the common pleas of the same county. Ford, one defendant, made no defense, and judgment was consequently entered up against him by default, which was according to the practice in this state. Arnold, the other defendant, put in an answer, tendering an issue of fact before a jury. The time at which the cause could have been at first tried had passed by, and even a mistrial had taken place before the act of congress of 1875, when Arnold filed a petition in said court for the removal of the cause to the United States court. At the time of filing his petition, he made affidavit to the effect that he had reason to believe and did believe that he would not be able to obtain justice in the state court by reason of local influence and prejudice. The defendant filed a copy of the record in this court, when Cooke, the plaintiff, appeared and moved to remand the cause to the state court.

H. T. Arnold, Mr. Muir, and Bijur & Davie, for plaintiff.

Seymour & Edwards, for defendant.

BALLARD, District Judge. The sole ground of the motion is that the petition for removal was filed in the state court too late. The counsel of plaintiff, with a frankness characteristic of those counsel only who perceive with clearness the true question involved in a case, concedes that the defendant's application for a removal is literally covered by the provisions of the third subdivision of section 639 of Revised Statutes; and he stakes his case on the position that these provisions are repealed by the act of March 3, 1875 (18 Stat. 470).

The question thus presented for a decision is a narrow one, but it is by no means free from difficulty. Neither the researches of counsel nor my own examination have developed any case which decides or even throws much light upon the question. The only authority to which I have been referred bearing on the precise question at issue, is the late pamphlet by Judge Dillon, on the "Removal of Causes from State to Federal Courts." The learned author, after indicating, doubtfully, his own opinion that the part of subdivision three which refers to the time of removal is not repealed by the act of 1875, says: "This has been decided to be so in the eighth circuit by Mr. Justice Miller, and generally in the courts of that circuit, and, so far as we are advised, by the circuit courts elsewhere."

I should be disposed to follow, without question, a single decision of so eminent a judge as Mr. Justice Miller, if such decision were supported by a written opinion, and I should certainly not hesitate to follow the settled rule of decision in the several circuits; but the bare statement that Judge Miller has decided the question on the circuit, that his decision has been followed in his circuit, and, as far as known, in other circuits, though made by so accurate an author as the able judge of the eighth circuit, cannot dispense with the necessity of an independent examination of the question. Counsel have therefore discussed the question before me as an open one, and as such I propose to consider it. In prosecuting this examination I shall not refer to the acts of congress relating to the removal of causes which were passed prior to the Revised Statutes. As the Revised Statutes repealed all such prior acts, reference to them, would, I think, tend only to embarrass the inquiry. Indeed, the proposition discussed by counsel renders such reference supererogatory. The defendant's counsel rests his right to the removal on the ground that the third subdivision of section 639 of Revised Statutes is still in force; and the plaintiff's counsel rests his motion to remand on the ground that it is repealed.

Plaintiff's counsel does not, of course, insist that it is in terms repealed, but he maintains that its provisions are inconsistent with those of the act of 1875, and hence that it is repealed by the express provision of that act, which declares that "all acts or parts of acts in conflict with the provisions of this act are hereby repealed." I shall, for a like reason, confine my attention to the provisions of the statute which relate to the removal "of controversies between citizens of different states," and shall omit all reference to the provisions contained in them which prescribe the amount necessary to give the court jurisdiction.

Omitting, then, all except what is necessary to elucidate the question before us, let us bring the provisions of the Revised Statutes and of the act of 1875 together, and we shall then be the better able to see whether the latter are in conflict with the former. Section 639 of the Revised Statutes provides that "any suit commenced in a state court

* * * may be removed for trial into the circuit court: * * * First—When the suit is * * * by a citizen of the state wherein it is brought and against a citizen of another state. Second—When the suit is by a citizen of the state wherein it is brought against a citizen of the same and a citizen of another state. Third—When the suit is by a citizen of the state in which it is brought and a citizen of another state."

The act of 1875 authorizes the removal of any suit of a civil nature * * * now pending, or hereafter brought in a state court in which there shall be a controversy between citizens of different states. In the first case the suit may be removed on the petition of the defendant only, filed in the state court at the time of entering his appearance in said court. In the second case the suit, as against the citizen of another state, may be removed on his petition filed at any time before trial or final hearing. In the third case the suit may be removed by the citizen of the state other than that in which the suit is brought, whether he be plaintiff or defendant on his petition filed at any time before trial or final hearing of the suit, if before, or at the time he files his petition he makes and files in the state court an affidavit stating that he has reason to believe, and does believe, that from prejudice or local influence he will not be able to obtain a fair trial in the state court. In the last case (act of 1875) the suit may be removed by either party—whether he be plaintiff or defendant—a citizen of the state in which the suit is brought, or a citizen of another—on his petition filed in the state court, before or at the term at which the suit could be first tried and before trial.

The first subdivision of section 639 is doubtless superseded by the more comprehensive provisions of the act of 1875; and there is much ground for the position that the second division is likewise superseded by a provision in the act of 1875, which has not been here mentioned; but I cannot perceive that subdivision three is superseded by the latter act, or that the provisions of the two are in any respect inconsistent. The act of 1875 provides that, when the suit presents a controversy between citizens of different states it may be removed by either party on his petition, filed before or at the term at which the suit could be first tried and before the trial. Subdivision 3 provides that when the suit is between a citizen of the state in which it is brought and a citizen of another state, such citizen of the other state may remove it on petition filed at any time before the trial or final hearing, if before or at the time he files the petition, he makes his affidavit of "prejudice or local influence."

Taking the provisions together, it follows: First—That no citizen of a state in which a suit is brought can remove it, except on petition filed before or at the term the suit might first be tried. Second—That when the suit

is between citizens of different states, neither of whom is a citizen of the state in which the suit is brought, neither party can remove it except on petition filed before or at the term the suit might be first tried. Third—But when the suit is between a citizen of the state in which it is brought and a citizen of another state, the latter may remove it on petition filed at any time before the trial or final hearing, if before or at the time he files his petition he makes an affidavit of "prejudice or local influence."

The first and second propositions are founded on the act of 1875, and the third on subdivision three, and thus reading the provisions of these statutes, they seem to me entirely consistent; nay, it appears that the failure of the act of 1875 to repeal subdivision three was suggested by a sound policy. In a suit between citizens of different states, when neither party is a citizen of the state in which the suit is brought, there is no ground for investing either party with more than his strict right of removal. There is no ground for supposing that "prejudice or local influence" will affect one party more than the other, and therefore no ground of extending the time of his application beyond an early stage in the cause. So when the suit is between a citizen of the state in which it is brought and a citizen of another state, there is no ground for supposing that "prejudice or local influence" will operate against the former, and therefore there is no ground for extending the term of his application; but when the suit is between a citizen of the state in which it is brought and a citizen of another state, there may be many instances where "prejudice or local influence" may prevent justice being done the latter. This prejudice or local influence may not exist in the first stages of the cause, or, if it existed, it may not then be discovered. It may be subsequently developed.

There seems, then, to be the most substantial reason for allowing such citizen of another state to remove a suit at any stage before trial or final hearing when it appears that, owing to such "prejudice or local influence," he cannot obtain justice in the state court.

Here I might rest the argument, but I think it possible to make the demonstration still more complete. Subdivisions 1 and 3 of section 639, and the act of 1875, all authorize the removal of a suit on the petition of the defendant when the suit is by a citizen of the state in which it is brought against the citizen of another state. Of course I know that subdivision 3 also authorizes the removal of such a suit on the petition of the plaintiff when he is not a citizen of the state in which the suit is brought, and that the act of 1875 not only authorizes the removal of such suits, but of all suits between citizens of different states at the instance of either party. But, as I wish to compare the provisions which relate to the same char-

acter of suit, and to a removal demanded by the same party, I omit all reference to the provisions of subdivision 3, and the act of 1875, which relate to a removal on the application of the plaintiffs; and I also omit all reference to the provisions of the act of 1875, which authorize a removal in any suit between citizens of different states, though neither party is a citizen of the state wherein the suit is brought. I omit them because their presence only obscures the inquiry, by diverting attention from the true question, namely, the consistency or inconsistency between subdivisions 1 and 3, and the act of 1875, as they all relate to a suit of the same character; that is to a suit by a citizen of the state in which it is brought against a citizen of another state, and to a removal demanded by the same party.

I repeat, then, that subdivisions 1 and 3, and the act of 1875, all authorize the defendant to demand a removal in a suit by a citizen of the state in which the suit is brought against a citizen of another state. By subdivision 1 he may have a removal on petition filed at the time he enters his appearance in the state court. By the act of 1875, he may have it on petition filed before or at the term the cause could be first tried, and before the trial. By the third subdivision, he may have it on petition filed before the trial or final hearing of the suit, if, before or at the time of filing of said petition, he make and file an affidavit as to prejudice or local influence.

It is thus readily seen that the provision of the act of 1875 is inconsistent with that of subdivision 1. Each covers precisely the same ground, and, of course, both cannot stand. But it is just as readily seen that there is no inconsistency whatever between subdivision 3 and the act of 1875. The one confines the application to a limited time; the other extends the time for a good and substantial reason. Indeed, it must be seen that there is as perfect consistency between subdivision 3 and the act of 1875 as between subdivisions 1 and 3.

I have not overlooked the opposing argument founded on the title and scope of the act of 1875. It is entitled "An act to determine the jurisdiction of the circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes." To determine the jurisdiction of circuit courts seems to imply that this act only is to be referred to in order to determine what the jurisdiction of the circuit court is. "To regulate the removal of causes from the state courts" seems to imply that in this act only are to be found the rules which govern the removal of causes. But the title of an act is entitled to little or no consideration in determining the meaning of provisions found in the body, and can never work the repeal of a prior act by its own force. If the provisions of the last act are consistent with those of the first, such consistent provisions remain in force, however clearly the legislature may have indicated, in the title of the last act, an intention to repeal the former.

Nor is the argument founded on the scope of the act more forcible. Its scope is, indeed, broad. It greatly enlarges the civil jurisdiction of the circuit courts, but it does not embrace the whole. It limits the jurisdiction which it confers to suits "where the matter in dispute exceeds $500;" but there are several provisions of the Revised Statutes which extend the jurisdiction to suits involving less than this amount. See section 629; subds. 10–12, 16, 17. Nor can it be contended that it embraces all prior acts which confer jurisdiction or authorize removal of suits. See Rev. St. §§ 640, 641, 643. Of course, as it does not embrace all prior acts which confer jurisdiction or authorize removal of suits, and does not, in terms, repeal them, it cannot, under any rule of interpretation, be held to repeal them by implication.

At one time, during the course of this investigation, I was strongly inclined to think that, although the act of 1875 does not either in terms or by implication, repeal all prior acts which relate to the removal of civil causes from state courts to the circuit courts of the United States, it should be held to furnish the one rule for the removal of all such suits as it authorized to be removed, and thus to repeal all prior acts which prescribe a different rule; that as it authorizes and prescribes a rule for the removal of all suits in which there is a controversy between citizens of different states, it repeals by implication all prior acts which relate to the removal of similar suits, and that, as subdivision three does relate to the removal of a similar suit, that is, a suit between a citizen of the state where it is brought and a citizen of another state, which is certainly included in a suit between citizens of different states, it is repealed. But subsequent reflection has satisfied me that this argument is more specious than sound, and that its whole force is derived from its omission to notice the provision in subdivision 3 relating to "prejudice and local influence," which is nowhere found in the act of 1875.

It is true, I suppose, that congress cannot authorize the removal of a suit in the circuit court, of which it cannot confer original jurisdiction on that court, and it is true that congress cannot confer jurisdiction on the circuit court to try an ordinary suit between citizens of the same state on the ground of prejudice against one party or of local influence of the other; but it is also true that within the constitutional limits of the jurisdiction it may vest the right of removal upon such grounds as it deems best. It may authorize none to be removed, except on the ground of prejudice in the state tribunal against the party asking the removal, or the local influence of the opposite party, or it may authorize the removal of suits between citizens of different states

where nothing more is shown than different citizenship at one stage of the proceedings, and the same suits to be removed at another stage, when prejudice, local influence or other matter is shown. Now, this is precisely what is accomplished by the joint operation of the act of 1875 and subdivision 3. The former requires the application for the removal of all suits, including a suit between a citizen of the state in which it is brought and a citizen of another state, when nothing more than different citizenship appears, to be made before or at the time at which the cause could be first tried. The latter allows the application for removal of such a suit to be made at any time before trial or final hearing, when it also appears that the applicant is not a citizen of the state wherein the suit is brought, and that, owing to prejudice or local influence, he could not obtain justice in the state court. But were the consistency between the act of 1875 and of subdivision 3 less apparent, I should still be constrained, in view of the leaning of courts against implied repeals, to hold that the latter is still in force.

"To repeal a statute by implication, there must be such positive repugnancy between the provisions of the new law and the old, that they cannot stand together or be consistently reconciled." Wood v. U. S., 16 Pet. [41 U. S.] 342; McCool v. Smith, 1 Black [66 U. S.] 459; U. S. v. Tynen, 11 Wall. [78 U. S.] 92; Hartford v. U. S., 8 Cranch [12 U. S.] 109; Brown v. County Com'rs, 21 Pa. St. 37; Bowen v. Lease, 5 Hill, 221; Daviess, etc., v. Fairbairn, etc., 3 How. [44 U. S.] 639; Potter's Dwar. St. 154; Sedg. St. & Const. Law, 129. In Wood v. U. S., Mr. Justice Story said: "There must be a positive repugnancy between the provisions of the new laws and those of the old; and, even then, the old law is repealed by implication only pro tanto to the extent of the repugnancy." In McCool v. Smith, Mr. Justice Swayne, quoting Mr. Sedgwick, said: "A repeal by implication is not favored." "The leaning of the courts is against the doctrine, if it be possible to reconcile the two acts of the legislature together." Mr. Dwarris says: "Every affirmative statute is a repeal of a precedent affirmative statute when its matter necessarily implies a negative, but only so far as it is clearly and indisputably contradictory and contrary to the former act in the very matter (Foster's Case), and the repugnancy such that the two acts cannot be reconciled."

A citation of these authorities was hardly necessary to support the argument in this case. The provisions of the act of 1875, and those of subdivision 3, have been shown to be perfectly consistent. The latter, therefore, must be held to remain unrepealed without invoking any technical rule of construction, or relying on the disfavor in which the courts hold implied repeals; but I have not thought such citation entirely out

of place, since, if doubt remains in the mind of any one after reading the preceding abstract decision, it must be dispelled on considering the authorities.

Let an order be entered overruling the plaintiff's motion.